**Dated: November 24, 2009**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

Harvey Alan Churchill                                  Case No. 04-72515
dba Joshua Coal Company                       Chapter 13
Gloria Anita Churchill,

      Debtors.

**ORDER DENYING DEBTORS' MOTION TO VACATE AGREED ORDER
MODIFYING STAY/REQUIRING ABANDONMENT and ORDER
APPROVING WITHDRAWAL OF MOTION TO DISMISS**

There comes on for consideration before this Court Debtors' Motion to Vacate Agreed Order Modifying Stay/Requiring Abandonment and Order Approving Withdrawal of Motion to Dismiss (Docket Entry 214), Application to Withdraw as Attorney for Debtors and Response to Court's Order entered 11/3/09 filed by Richard A. Chapman (Docket Entry 217), Response to Motion to Vacate filed by American Exchange Bank (Docket Entry 219), and Debtors' Response to their Motion to Vacate (Docket Entry 221). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). For reasons set forth

EOD 11/24/09 by cc

below, the Debtors' Motion to Vacate and Response are denied.

This case was filed on July 1, 2004. Nearly one year later, a plan was confirmed on June 3, 2005 (Docket Entry 148). This Plan listed the secured claim of American Exchange Bank ("Bank"), and provided that the Debtors would pay that claim directly, in accordance with an amortization schedule attached to the Plan Summary. Initially, Debtors were represented by counsel but their counsel withdrew shortly before the plan was confirmed, and Debtors proceeded *pro se* for over four years.

Debtors ultimately completed the plan payments to other creditors, but did not make the scheduled payments to Bank. Bank filed a Motion to Dismiss the case for delinquency on plan payments (Docket Entry 184). Debtors then hired Mr. Richard Chapman as their counsel, with this Court's approval. Mr. Chapman filed an Objection to Bank's Motion to Dismiss on behalf of the Debtors (Docket Entry 188). This Court set an evidentiary hearing on the Motion to Dismiss and Objection for October 13, 2009. The Debtors attended this hearing with their counsel. Instead of going forward with the hearing, the parties entered into settlement negotiations and reached a settlement. The settlement was announced in court in the presence of the Debtors. A written Agreed Order memorializing the terms of the settlement announced in open court was entered on October 16, 2009 (Docket Entry 210), and was signed by Mr. Inglish as attorney for Bank, Mr. Chapman as attorney for Debtors, and Mr. Walden as attorney for Chapter 13 Trustee William Mark Bonney.

On October 30, 2009, the Debtors filed a letter with the Court giving notice that they had terminated Mr. Chapman as their counsel, that they did not agree to the settlement entered into with Bank and the Chapter 13 Trustee, and requesting that this Court hold a new hearing on the matter. The Court directed the parties to file a response to Debtors' letter. Mr. Chapman filed an

2

Application to Withdraw as Attorney for Debtors, combined with a Response to the Debtors' letter (Docket Entry 217). Bank also filed a Response to Debtors' letter (Docket Entry 219). Debtors filed another letter (Docket Entry 221) restating their position that they did not agree to turn over equipment to Bank.

Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023, provides that a motion for new trial or a motion to alter or amend a judgment must be made within ten days after entry. The Debtors' request to reconsider the Agreed Order and request for a new hearing was not timely under this Rule. However, Fed. R. Civ. P. 60, made applicable by Fed. R. Bankr. P. 9024, does allow the Court to grant relief from an order in certain instances, when requested within a reasonable time. Therefore, this Court will treat Debtors' requests as motions under Rule 60(b).

To be afforded relief under Rule 60(b), Debtors must show:

1. mistake, inadvertence, surprise, or excusable neglect;

2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3. fraud . . . misrepresentation, or misconduct by an opposing party;

4. the judgment is void;

5. the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6. any other reason that justifies relief.

This Court is granted substantial discretion in considering relief under this Rule. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143 (10th Cir. 1990). Relief under Rule 60(b)(6) requires

3

exceptional or extraordinary circumstances. *In re Gledhill*, 76 F.3d 1070 (10th Cir. 1996).

The Court finds that Debtors' reasons for relief do not meet the requirements under Rule 60(b). The Debtors were well-represented by counsel, the terms of the settlement were clearly articulated to the Debtors and to this Court, and the agreement reached was fair and equitable to all parties. While Debtors state that they did not intend to agree to the settlement, it is the Court's impression that on October 13, 2009, they did agree to the settlement so as to secure their discharge and resolve the dispute with Bank. The Court finds no mistake, inadvertence, or surprise exists, and certainly no neglect occurred that justifies relief from the Agreed Order. The Debtors have presented no new evidence that would be relevant, nor any evidence that they were defrauded, that the terms of the agreement were misrepresented to them by anyone, nor that there was misconduct of any party or counsel. There is no basis for granting relief pursuant to Rule 60(b)(4) or (5). The circumstances cited by Debtors regarding adverse weather conditions, and the amount of monies that have been paid to Bank and the Trustee may be true, but they do not rise to the required level of being exceptional or extraordinary, and do not warrant granting relief. The parties worked out an equitable agreement under the circumstances, therefore the Court finds no reason to grant relief from the Agreed Order.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Debtors' Motion to Vacate Agreed Order (Docket Entry 214) and Response (Docket Entry 221) are **denied.**

The Court will rule on Mr. Chapman's Application to Withdraw as Counsel for Debtors (Docket Entry 217) by separate order.

###